**Patrick BENNETT, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

**No. 06–2443–pr.**

United States Court of Appeals, Second Circuit.

Dec. 3, 2008.

George W. Galgano, Jr., Galgano and Associates, P.C., White Plains, NY, for Appellant.

Andrew Fish, Assistant United States Attorney for the Southern District of New York (Michael J. Garcia, United States Attorney, Helen V. Cantwell and Diane Gujarati, Assistant United States Attorneys, of counsel), New York, NY, for Appellee.

PRESENT: Hon. AMALYA L. KEARSE, Hon. ROBERT D. SACK and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Patrick Bennett appeals from a judgment of the United States District Court for the Southern District of New York denying his petition for a writ of habeas corpus under 28 U.S.C. § 2255. Bennett's petition challenges his sentence pursuant to his conviction by a jury of perjury and obstruction of justice charges and his conviction, in a second trial on the same indictment, of various fraud and money-laundering crimes. The first jury trial ended in a mistrial on the fraud and money-laundering counts.

The petition advanced a wide array of arguments, including the principal issue on appeal: whether Bennett's counsel at his second trial was unconstitutionally ineffective for overriding Bennett's right to testify on his own behalf. The court had the benefit of various affidavits from Bennett and his present counsel, but elected not to hold a testimonial hearing or to order Bennett's trial counsel to produce any evidence as to his assistance at the second trial. For reasons explained in the district court's lengthy and thorough opinion, the court denied the petition in its entirety. The court thereafter denied a certificate of appealability.

On January 12, 2007, we issued a certificate of appealability with respect to two of the issues presented by Bennett's petition:

(1) whether defense counsel was ineffective for allegedly overriding [Bennett's] desire to exercise his constitutional right to testify in his own defense ...; and whether [Bennett] was prejudiced by defense counsel's alleged failure to ensure the right to testify when the issue is analyzed in connection with counsel's failure to object to either the district court's omission of an intent to harm instruction, or the wording of the instruction on the 'good faith' defense, particularly in light of evidence of jury confusion as to intent

. . . .

On August 24, 2007, a different panel of this Court denied the government's motion to remand for completion of the record, without prejudice to our "authority to order a *Jacobson* remand if warranted."

Both parties have, at one point or another, suggested that the district court conduct further factfinding to develop the record; both indicated at oral argument that they do not oppose remand for that purpose. Having carefully considered the parties' arguments and reviewed the record, we agree with the suggestion.

We think it would be useful to us in deciding this appeal for the district court to determine, with the assistance of evidence, in affidavit form or otherwise, from the petitioner's trial counsel, and such other evidence as may be available and relevant, the circumstances under which counsel undertook the actions and omissions that the petitioner alleges overrode his desire to testify. More specifically, we hesitate to determine whether counsel's assistance was ineffective without first affording him "an opportunity to be heard and to present evidence, in the form of live testimony, affidavits, or briefs." *Sparman v.*

*Edwards,* 154 F.3d 51, 52 (2d Cir.1998) (per curiam).

For these reasons, following the procedures set forth in *United States v. Jacobson,* 15 F.3d 19, 22 (2d Cir.1994), a mandate shall issue forthwith remanding this cause to the district court to hold such proceedings and to make the determinations referred to above. After the district court's decision in this regard, any party to this appeal may restore jurisdiction to this court within 30 days by letter to the Clerk's Office seeking review, without need for a new notice of appeal. The Clerk's Office will then set a briefing schedule and refer the appeal to this panel for disposition without oral argument unless otherwise ordered.